IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**THOMAS SMITH**                                                                                    **PLAINTIFF**

vs.                                            No. 5:22-cv-5153-TLB

**ARKANSAS SUPPORT NETWORK, INC.**                                            **DEFENDANT**

<u>ORIGINAL COMPLAINT</u>

Plaintiff Thomas Smith ("Plaintiff"), by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Arkansas Support Network, Inc. ("Defendant"), states and alleges as follows:

I.     **PRELIMINARY STATEMENTS**

1. Plaintiff brings this action against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorneys' fee and costs as a result of Defendant's policy and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Fayettville Division of the Western District of Arkansas. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Washington County.

10. Defendant is a domestic, nonprofit corporation.

11. Defendant's registered agent for service of process is Syard Evans at 6836 Isaac's Orchard Road, Springdale, Arkansas 72762.

12. Defendant maintains a website at https://supports.org/.

## IV. FACTUAL ALLEGATIONS

13. Defendant owns and operates facilities for developmentally disabled individuals in Arkansas.

14. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as vehicles and fuel.

17. Defendant had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Defendant is an "employer" within the meaning set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

19. In the course of his duties, Plaintiff regularly used instrumentalities of interstate commerce such as his cell phone and the internet.

20. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

21. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

22. Specifically, Defendant employed Plaintiff as a Direct Support Professional ("DSP") from approximately August of 2019 until May of 2022.

23. Plaintiff's primary duties were to assist Defendant's clients in daily activities such as eating, cleaning and running errands.

24. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25. During the day, Plaintiff cared for patients in their own homes.

26. Plaintiff was paid an hourly rate for any hours he worked from 8:00 AM to 8:00 PM.

27. Defendant classified Plaintiff as an employee, not an independent contractor, during daytime hours.

28. Plaintiff also took care of patients in his own home between 8:00 PM and 8:00 AM.

29. Defendant paid Plaintiff a $80.00 flat rate for taking care of each of Defendant's clients that stayed the night at Plaintiff's home.

30. Defendant classified Plaintiff as an independent contractor during nighttime hours, or while he took care of patients in his own home.

31. Plaintiff regularly worked more than forty hours per week.

32. Plaintiff was paid 1.5x his regular hourly rate for some of the hours he worked over 40 per week, e.g. for some of the hours worked during the day, but Defendant did not pay him an overtime rate for hours worked during his night shift.

33. Plaintiff's work for Defendant followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

34. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

35. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

36. Plaintiff did not financially invest in Defendant's business.

37. Plaintiff did not share in the profits or losses of the Defendant's business.

38. Defendant, not Plaintiff, set prices for services.

39. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

40. Defendant, not Plaintiff, decided whether and how many other employees to hire.

41. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

42. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

43. Defendant set the Defendant's business policies and rules.

44. Defendant required Plaintiff to follow Defendant's business policies and rules.

45. Defendant required Plaintiff to follow Defendant's dress code.

46. Defendant made decisions on advertising Defendant's business without Plaintiff's input.

47. Plaintiff could not refuse an assignment or he would risk being disciplined, up to and including termination.

48. Plaintiff was required to arrive at work at the time determined by Defendant and remain until his shift was over.

49. If Plaintiff did not arrive at the time mandated by Defendant, or if Plaintiff left before his shift was over, Plaintiff risked being disciplined, up to and including termination.

50. Plaintiff is entitled to wages and compensation based on the standard minimum wage for all hours worked.

51. Plaintiff is entitled to 1.5x his base hourly rate for hours worked over 40 each week.

52. Plaintiff tracked his time using Defendant's electronic time keeping system.

53. Upon information and belief, although Plaintiff recorded his hours properly in Setworks, Defendant regularly or occasionally retroactively amended Plaintiff's time to reflect fewer hours than he actually worked.

54. Plaintiff regularly worked hours such that the nightly flat rate paid by Defendant resulted in Plaintiff earning less than the minimum wage required by the AMWA.

55. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified

Plaintiff as an independent contractor for some of his hours in order to avoid paying him an overtime premium for hours worked over 40 each week.

56. Plaintiff complained to Defendant about not being properly paid for the time he worked at from his home, but Defendant ignored Plaintiff's complaints.

57. Defendant made no reasonable efforts to ascertain and comply with applicable law.

58. Defendant's actions were willful and are taken with knowledge that its acts violated and continue to violate the FLSA and the AMWA.

59. Defendant knew or should have known that it was not paying Plaintiff sufficient minimum wages and overtime premiums.

## V. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

62. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

64. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

65. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of forty hours per week.

66. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.5.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

71. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

73. Defendant misclassified Plaintiff as exempt from the requirements of AMWA.

74. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

75. Upon information and belief, Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

76. Defendant knew or should have known that its practices violated the AMWA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as provided by the AMWA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thomas Smith respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and their related regulations;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA and their related regulations;

F. An order directing Defendant to pay Plaintiff prejudgment interests, a reasonable attorneys' fee, and all costs connected with this action; and

G. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF THOMAS SMITH**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com